UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO JASSO, et al.<br><br>　　　　Defendants. | No. 1:19-cv-00908-NONE-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REOPEN CASE AND DIRECTING CLERK OF COURT TO OPEN NEW CASE WITH FILING FEE<br><br>(Doc. No. 22) |

　　　　Plaintiff Isaiah J. Petillo filed this action on July 3, 2019, pursuant to 42 U.S.C. § 1983.

　　　　On July 9, 2019, the undersigned issued findings and recommendations recommending that plaintiff's motion to proceed in forma pauperis be denied pursuant to 28 U.S.C. § 1915(g), and plaintiff be directed to pay the filing fee in full.  (Doc. No. 5.)

　　　　On September 16, 2019, the findings and recommendations were adopted in full and plaintiff was directed to pay the filing fee in full within twenty-one days.  (Doc. No. 8.)

　　　　On January 22, 2020, the action was dismissed due to plaintiff's failure to pay the filing fee and judgment was entered.  (Doc. Nos. 16, 17.)

　　　　On July 27, 2020, plaintiff filed a motion for reconsideration.  (Doc. No. 18.)  On March 24, 2021, plaintiff's motion for reconsideration was denied.  (Doc. No. 21.)

　　　　On June 28, 2021, plaintiff submitted the filing fee for this action and filed a request to continue with this case.  (Doc. No. 22.)

Although plaintiff does not state a rule of procedure, liberally construed, the Court will treat the motion as a Rule 60 motion for relief from judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged: it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Under the catch-all provision of Rule 60(b)(6), the court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993). Subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party asserting "excusable neglect" may not seek relief more than a year after the judgment by relying on subsection (6). *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

In this case plaintiff filed his motion to reopen over a year after the order directing the clerk of court to close the case. Plaintiff offers no reason for the lengthy delay. The case was dismissed because plaintiff failed to pay the filing fee after determining he suffered three or more strikes pursuant to 28 U.S.C. 1915(g). (Doc. No. 16.) Although the dismissal was without prejudice, such dismissal permitted plaintiff to refile the action with the applicable filing fee and

not reopen the instant case.  Plaintiff has failed to identify which subsection of Rule 60(b) or any other rule he relies on for relief from the order of dismissal.  Nonetheless, given that plaintiff has now paid the filing fee in full, the court will direct the clerk of court to open a new action with the filing fee and complaint filed in this action.  Consequently, plaintiff's motion to reopen the instant action shall be denied.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to reopen the instant case (Doc. No. 22) is denied; and
2. Pursuant to Local Rule 123(d), the clerk of court is directed to open a new prisoner civil rights action assigned to NONE-SAB (PC), along with the complaint and filing fee paid in this action.

IT IS SO ORDERED.

Dated: **September 17, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE