UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ISAIAH J. PETILLO, | ) | Case No. 1:21-cv-01401-JLT-SAB (PC) |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |
| REYNALDO JASSO, et al., | ) ) | (ECF No. 17) |
| Defendants. | ) ) | |
| | ) | |

Plaintiff Isaiah J. Petillo is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed March 23, 2022. (ECF No. 17.)

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Reynaldo Jasso and V. Ochoa for excessive force in violation of the Eighth Amendment.

On November 29, 2021, Defendants filed an answer to the complaint. (ECF No. 10.)

On November 30, 2021, the Court set a post-screening settlement conference before Magistrate Judge Barbara A. McAuliffe on February 24, 2022. (ECF No. 11.)

1

1 However, on December 23, 2021, Defendants filed a notice to opt-out of the settlement
2 conference. (ECF No. 12.) Therefore, on January 3, 2022, the Court vacated the settlement
3 conference and issued the discovery and scheduling order. (ECF Nos. 13, 14.)
4 As previously stated, on March 23, 2022, Plaintiff filed the instant motion to compel
5 Defendants to answer his first set of interrogatories. (ECF No. 17.) Defendants filed an opposition on
6 April 18, 2022. (ECF No. 23.) Plaintiff has not yet had an opportunity to respond to Defendants'
7 opposition, but the Court finds a response unnecessary. Plaintiff's motion is deemed submitted. Local
8 Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 14. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for

protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

# III.
# DISCUSSION

Plaintiff seeks an order compelling Defendants to answer his first set of interrogatories numbers 1 through 25. (ECF No. 17.)

In response, Defendants submit that they served Plaintiff with responses to his first set of interrogatories and produced photographs in response to Plaintiff's first set of requests for production of documents on March 11, 2022 while Plaintiff was housed at Kern Valley State Prison in Delano, California. (Declaration of Sheronda Edwards (Edwards Decl.) ¶ 3 & Ex. A.) However, on March 14, 2022 and March 23, 2022, Plaintiff filed notices of change of address from Kern Valley State Prison to Corcoran State Prison in Corcoran, California. (ECF Nos. 16, 18.) Consequently, on April 18, 2022, Defendants re-served Plaintiff with their responses to his first set of interrogatories at his new mailing address Corcoran State Prison. (Edwards Decl. ¶ 6 & Ex. B.) Because Defendants have served Plaintiff with responses to his first set of interrogatories at both his prior and current address of record, there is nothing to compel and Plaintiff's motion shall be denied.[1]

# IV.
# ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed March 23, 2022 (ECF No. 17), is DENIED.

IT IS SO ORDERED.

Dated: **April 19, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] However, the Court does not find merit to Defendants' contention that Plaintiff failed to meet and confer with them prior to filing the instant motion to compel, as the court's discovery and scheduling order specifically exempts this case from the requirements of Local Rule 251, which includes the meet and confer requirement. (ECF No. 14 at 2.)

4