# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>            Plaintiff,<br><br>   v.<br><br>REYNALDO JASSO, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01401-JLT-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT BE DENIED, WITHOUT PREJUDICE<br><br>(ECF No. 29) |

Plaintiff Isaiah J. Petillo is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for summary judgment, filed on September 9, 2022.

## I.

## DISCUSSION

Plaintiff's motion for summary judgment does not contain a statement of undisputed facts and instead attaches, presumably as evidence, in support his contention that he exhausted the administrative remedies and he is entitled to summary judgment on the merits of his excessive force claims.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment must include a "Statement of Undisputed

Facts." Local Rule 260(a). Furthermore, this Court's local rule requires each motion of summary judgment to include "a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular points of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact." Plaintiff's motion fails to comport with Fed. R. Civ. P. 56(a) and Local Rule 260(a). In addition, Plaintiff has not demonstrated that the material facts are undisputed, and summary judgment cannot be granted if a material fact is in dispute. See Fed. R. Civ. P. 56(a).[1] Accordingly, Plaintiff's motion for summary judgment should be denied, without prejudice.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion for summary judgment, filed on September 9, 2022, be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 12, 2022**

UNITED STATES MAGISTRATE JUDGE

---

[1] "Because [the excessive force inquiry] nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, we have held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002); see also Liston v. County of Riverside, 120 F.3d 965, 976 n.10 (9th Cir. 1997) ("We have held repeatedly that the reasonableness of force used is ordinarily a question of fact for the jury.").

2