## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO, | Case No. 1:21-cv-01401-JLT-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE |
| v. | |
| REYNALDO JASSO, et al., | (ECF No. 48) |
| Defendants. | |

Plaintiff Isaiah J. Petillo is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed February 9, 2023. Plaintiff seeks appointment of counsel due to his imprisonment, complexity of the issues involved, limited access to the law library, and presentation of conflicting testimony should the case proceed to jury trial. (ECF No. 48.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, Findings and Recommendations have been issued to deny both Plaintiff and Defendant's motions for summary judgment.  (ECF No. 47.)  The record demonstrates that Plaintiff is able to articulate his claims and litigate this action, having filed a motion for summary judgment as well as an opposition to Defendant's motion for summary judgment.  Accordingly, the Court finds appointment of counsel is not warranted and Plaintiff's motion for appointment of counsel is be DENIED without prejudice.

IT IS SO ORDERED.

Dated:   **February 10, 2023**

UNITED STATES MAGISTRATE JUDGE