1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO, | Case No. 1:21-cv-01401-SAB (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR INCARCERATED WITNESS, WITHOUT PREJUDICE |
| v. | |
| REYNALDO JASSO, et al., | (ECF No. 63) |
| Defendants. | |

Plaintiff Isaiah J. Petillo is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is set for jury trial on October 3, 2023.

Currently before the Court is Plaintiff's motion for the attendance of an incarcerated witness, filed June 2, 2023.  (ECF No. 63.)  Pursuant to the Court's scheduling order, any opposition was due on or before July 3, 2023.  (ECF No. 59.)  No opposition has been filed and the time to do so has passed.

## I.

## DISCUSSION

The uncertainty regarding whether or not the proposed witnesses are willing to testify voluntarily does not preclude this Court from ordering their transportation.  Rather, in determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially

1    further the resolution of the case, (2) the security risks presented by the inmate's presence, and

2    (3) the expense of transportation and security, and (4) whether the suit can be stayed until the

3    inmate is released without prejudice to the cause asserted.  Wiggins v. County of Alameda, 717

4    F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir.

5    1994) (district court did not abuse its discretion when it concluded the inconvenience and

6    expense of transporting inmate witness outweighed any benefit he could provide where the

7    importance of the witness's testimony could not be determined), abrogated on other grounds by

8    Sandin v. Conner, 515 U.S. 472 (1995).

9       Plaintiff seeks the attendance of inmate Solomon.  Plaintiff contends that "Solon was & is

10   a key witness who saw/heard the entire incident & use of force used by Def's on Plaintiff…."

11   (ECF No. 63 at 1.)  Plaintiff submits that he does not know the CDCR identification number for

12   inmate Solomon and he is not aware of his current incarceration status or location.  Plaintiff also

13   does not provide the first name for inmate Solomon.

14       Plaintiff was advised that he must file a motion for attendance of incarcerated witnesses,

15   stating the name, address, and prison identification number of each such witness, accompanied

16   by declarations by Plaintiff or the witnesses, showing that each witness has actual knowledge of

17   relevant facts. (ECF No. 59 at 7.) Plaintiff was informed that the declaration must show that the

18   prospective witness was an eyewitness or ear-witness to relevant facts, and must be specific

19   about the incident at issue in this case, including when and where it occurred, who was present,

20   and how the prospective witness happened to be in a position to see or hear what occurred at the

21   time it occurred. (Id. at 7-8)

22       While Plaintiff requests the attendance of inmate Solomon who will not appear

23   voluntarily, he does not provide the first name of inmate Solomon, his location, his prison

24   identification, declaration, or sufficient factual information to determine whether this inmate was

25   actually an  eye and ear-witness to the incident alleged to have occurred on July 18, 2018.

26   Simply stating that an individual was an eye and ear-witness is insufficient.  Plaintiff's motion is

27   not specific about any incident witnessed by inmate Solomon, when and where it occurred, who

28   was present, and how Solomon happened to be in a position to see or to hear what occurred at the

time it occurred.  Accordingly, without sufficient information, the Court cannot determine that inmate Solomon has actual knowledge of relevant facts or that transporting this witness would not be too dangerous or too costly.  Thus, Plaintiff's motion for the attendance of inmate Solomon shall be denied, without prejudice.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Plaintiff has not submitted a motion which complies with the requirements of the scheduling order. The Court will not issue an order to transport any of Plaintiff's prospective witnesses to trial unless it is satisfied that the prospective witnesses are positively identified and incarcerated, have actual knowledge of relevant facts, and are willing to testify at trial.

Accordingly, it is HEREBY ORDERED that:

1.  Plaintiff's motion for the attendance of an incarcerated witness shall is denied;

2.  On or before **July 27, 2023**, Plaintiff may renew the motion providing the required information, if he so wishes; and

3.  Any opposition shall be filed within **seven (7)** days after the filing of any renewed motion.

IT IS SO ORDERED.

Dated:   **July 6, 2023**

UNITED STATES MAGISTRATE JUDGE

3