UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO JASSO, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01401-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S SECOND MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 69) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's second motion for appointment of counsel, filed August 8, 2023. (ECF No. 69.)

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Here, Plaintiff seeks appointment of counsel to enable him to contact witnesses in preparation for trial. The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. The record demonstrates that Plaintiff is able to articulate his claims and litigate this action, having filed a motion for summary judgment as well as an opposition to Defendants' motion for summary judgment. In addition, the fact that Plaintiff has to prepare for jury trial does not demonstrate extraordinary circumstances as he faces the same obstacles as all other pro se prisoners who proceed to jury trial. Accordingly, the Court finds appointment of counsel is not warranted and Plaintiff's second motion for appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated: **August 9, 2023**

_____
UNITED STATES MAGISTRATE JUDGE