UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>            Plaintiff,<br><br>     v.<br><br>REYNALDO JASSO, et al.,<br><br>            Defendants. | No.  1:21-cv-01401-SAB (PC)<br><br>ORDER VACATING MOTIONS IN LIMINE HEARING ON SEPTEMBER 6, 2023<br><br>ORDER REGARDING THE PARTIES' MOTIONS IN LIMINE<br><br>(ECF Nos.  71, 74) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This action is proceeding against Defendants R. Jasso and V. Ochoa for excessive force in violation of the Eighth Amendment.

The case is set for jury trial on October 3, 2023, at 8:30 a.m. before Magistrate Judge Stanley A. Boone.

Currently before the Court is Defendants' motion in limine filed August 9, 2023, and Plaintiff's motion in limine filed August 16, 2023.  Defendants filed an opposition to Plaintiff's motion in limine on August 22, 2023.

///

///

///

1

**I.**

**LEGAL STANDARD**

"A motion in limine is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion in limine to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). "[A] motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings." Jonasson v. Lutheran Child and Family Services, 115 F.3d 436,440 (7th Cir. 1997). A motion in limine allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. Brodit v. Cambra, 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions in limine that exclude broad categories of evidence are disfavored, and such issues are better dealt with during trial as the admissibility of evidence arises. Sperberg v. Goodyear Tire & Rubber, Co., 519 F.2d 708, 712 (6th Cir. 1975). Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion in limine and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997).

**II.**

**DISCUSSION**

**A.    Plaintiff's Motions in Limine**

In Plaintiff's motions in limine, he seeks to exclude: (1) Defendants' use-of-force expert; (2) Plaintiff's Rules Violation Reports; (3) Plaintiff's incarceration offense; (4) Defendants use of the Court's technology services; and (5) Plaintiff's deposition testimony. Plaintiff also seeks to testify as to his alleged injuries.

1.    Motion in Limine No. 1

Plaintiff seeks to exclude Defendants' expert's report at trial.
District courts act as the gatekeeper for expert testimony by applying Rule 702 to ensure

evidence is both relevant and reliable. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999) (Daubert imposed a special "gatekeeping obligation" on trial judges for all expert testimony). An expert witness may testify if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." Primiano v. Cook, 598 F.3d 558, 565 (9th Cir. 2010) (quoting United States v. Sandoval-Mendoza, 472 F.3d 645, 654 (9th Cir. 2006)). Assessing an expert's reliability is a "fact-specific inquiry" that depends on "the nature of the issue at hand, the witness's particular expertise, and the subject of the testimony." United States v. Hankey, 203 F.3d 1160, 1168 (9th Cir. 2000); see also Kumho Tire, 526 U.S. at 150 ("[T]he relevant reliability concerns may focus upon personal knowledge or experience" of the expert.). The proponent of the expert carries the burden of proving admissibility. Cooper v. Brown, 510 F.3d 870, 942 (9th Cir. 2007).

"[T]he factual basis of an expert opinion goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1017 n.14 (9th Cir. 2004) (quoting Children's Broad. Corp. v. Walt Disney Co., 357 F.3d 860, 865 (8th Cir. 2004)). "Only if the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury must such testimony be excluded." Children's Broad. Corp., 357 F.3d at 865.

The Ninth Circuit determined that "an expert witness cannot give an opinion as to [his] legal conclusion, i.e., an opinion on an ultimate issue of law." Hangarter v. Provident Life & Acc. Ins. Co., 373 F.3d 998, 1016 (9th Cir. 2004) (quoting Mukhtar v. California State University, 299 F.3d 1053, 1066 n.10 (9th Cir. 2002) (emphasis in original); see also Crow Tribe of Indians v. Racicot, 87 F.3d 1039, 1045 (9th Cir. 1996) ("Expert testimony is not proper for issues of law.... They do

1  not testify about the law."). Such an opinion does not assist the jury in making a decision, but
2  instead "attempts to substitute the expert's judgment for the jury's." Mukhtar, 299 F.3d at 1066 n.10
3  (quoting United States v. Duncan, 42 F.3d 97, 101 (2d Cir. 1994)).

4  The Federal Rules of Evidence "permit[ ] opinion testimony which touches upon ultimate
5  factual issues to be determined by the trier of fact." Baltimore v. Haggins, 2013 WL 4676455, at
6  *2 (E.D. Cal. Aug. 30, 2013), citing Fed. R. Evid. 704(a). However, courts frequently prohibit
7  experts from using "judicially defined and/or legally specialized terms in expressing [their]
8  opinions." Monroe v. Griffin, 2015 WL 5258115, at *6-7 (N.D. Cal. Sept. 9, 2015). In a case
9  regarding the use of excessive force, the ultimate question is whether the conduct of the officer was
10 objectively reasonable. See Graham v. Connor, 490 U.S. 386, 397 (1989); Ashcroft v. al-Kidd, 563
11 U.S. 731, 736 (2011) (liability may not attach unless the actions of the officer were objectively
12 unreasonable). As a result, courts have determined experts in excessive force cases may not testify
13 conduct was "grossly unlawful, unnecessary, and excessive violence." Monroe v. Griffin, 2015 WL
14 5258115, at *6-7 (N.D. Cal. Sept. 9, 2015); see also Valtierra v. City of Los Angeles, 99 F. Supp.
15 3d 1190, 1198 (C.D. Cal. 2015) (excluding expert testimony that "the use of force was 'excessive'
16 or 'unreasonable,' under the circumstances"); Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992)
17 (precluding expert testimony that an officer's conduct was not "justified under the circumstances,"
18 not "warranted under the circumstances," and "totally improper"); Norman v. City of Lorain, 2006
19 WL 5249725 at *3 (N.D. Ohio Nov. 27, 2006) (holding the expert could "not testify that the force
20 used by [the officer] was 'unreasonable' or 'unnecessary' ").

21 **Ruling:** Plaintiff's motion in limine is denied.  Initially, contrary to Plaintiff's contention,
22 Defendants do not intend to introduce their expert's report at trial.  Indeed, Plaintiff is advised that
23 the purpose of the expert report is to convey the substance expert report so that an adversary can
24 rebut, cross-examine, or offer competing expert testimony.

25 As set forth in Mr. DeFloe's report, he has extensive law enforcement experience,
26 specifically with respect to the appropriate use of physical force.  He has experience with various
27 agencies, including correctional agencies.  Defendants offer DeFloe's testimony to assist the jury
28 with understanding what law enforcement officers are trained to recognize as potential threats, the

available force options, and the appropriateness of various force options in difference circumstances. However, Mr. DeFloe may not provide legal conclusions as to the use of force in this instance which may be subject to objection at trial.

To the extent Plaintiff objections to Mr. DeFloe's expertise on the ground that he has limited experience with CDCR. (ECF No. 74 at 2.) However, such objections is properly raised by way of cross-examination as it goes to the weight the jury should give Mr. DeFloe's testimony, not its admissibility. Primiano, 598 F.3d at 564. Accordingly, Plaintiff's motion in limine to exclude the expert testimony of Mr. DeFloe is denied.

2. Motion in Limine No. 2

Plaintiff seeks to exclude any Rules Violation Reports.

Defendants submit that they seek to admit only a handful of Plaintiff's numerous Rules Violation Reports for purposes of other than proving Plaintiff's character. (See ECF No. 76-1 ¶ 6 (list of some of Plaintiff's Rules Violation Report guilty findings).)

Evidence of a person's character is not admissible to prove that on a particular occasion, a person acted in accordance with that character, but it may be admissible for other purposes. Fed. R. Evid. 404(a)(1), (b)(2).

**Ruling:** Plaintiff's motion in limine is denied, subject to renewal at the time of trial. Here, the Court cannot determine, at this juncture, the relevancy of any of Plaintiff's Rules Violation Reports for purposes other than his character. The Court cannot determine, at this juncture, whether such evidence may be relevant and admissible. Without placement of such evidence in the proper context, the Court cannot make a broad ruling at this time. The Court will reserve its ruling on such limited exceptions until trial on a question by question basis; however, the parties are cautioned not to refer to the Rules Violation Report until further ruling on a limited basis.

3. Motion in Limine No. 3

Plaintiff seeks to exclude his incarceration offense.

Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under

1   this rule is not admissible if a period of more than ten years has elapsed since the date of the
2   conviction. Fed. R. Evid. 609(b).

3         Defendants submit that Plaintiff is serving a life sentence, with the possibility of parole, for
4   murder.

5         Under Federal Rule of Evidence 609(a), evidence of a witness's prior conviction for a crime
6   punishable by death or by imprisonment for over one year "must be admitted, subject to Rule 403,
7   in a civil case or in a criminal case in which the witness is not a defendant[.]" Evidence of such a
8   conviction, however, is generally not admissible for impeachment purposes if more than ten years
9   has elapsed since the date of the conviction or the release of the witness from confinement,
10  whichever is later. Id. 609(b). Here, Rule 609(b)'s ten-year time limit is inapplicable because
11  Plaintiff has been incarcerated since his murder conviction. See United States v. Rogers, 542 F.3d
12  197, 201 (7th Cir. 2008) (noting that the ten-year clock under Rule 609(b) "starts at the witness's
13  release from any physical confinement, or in the absence of confinement, the date of the
14  conviction").

15        **Ruling:** Plaintiff's motion in limine is denied. The fact that Plaintiff is serving a life-
16  sentence for murder is relevant as it is probative that there is little or no incentive for him to tell the
17  truth. If Plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence,
18  Defendants are entitled to impeach Plaintiff's testimony. However, Defendants are limited to
19  referencing only the fact that Plaintiff has suffered prior felony convictions and the length of his
20  sentences. Defendants may elicit testimony about the length of Plaintiff's incarceration to contend
21  that Plaintiff has no incentive to tell the truth. The jury is entitled to hear such evidence to determine
22  Plaintiff's trustworthiness and veracity. Fed. R. Evid. 403, 609(b).

23        4.      <u>Motion in Limine No. 4</u>

24        Plaintiff seeks an order precluding Defendants from using the Court's technology services.
25        Plaintiff's objection is based on the assumption that he will not be allowed to use the Court's
26  technology equipment. In response, Defendants submit that they have no objection to Plaintiff's
27  use of courtroom technology, and are happy to facilitate as appropriate. Defendants agree to display
28  exhibits on the ELMO at Plaintiff's request and with the Court's approval.

**Ruling:** Plaintiff's motion is denied. Plaintiff is advised that there is an overhead projector in Courtroom 9 for his use during trial, and Defendants have agreed to facilitate Plaintiff with the use of any other courtroom equipment during trial.

5. <u>Motion in Limine No. 5</u>

Plaintiff seeks to exclude admission of his deposition testimony from this and one other case.

Rule 32 of the Federal Rules of Civil Procedure instructs that all or part of a deposition may be used against a party if the following conditions are met: (1) the party was present or represented at the taking of the deposition or had reasonable notice of it; (2) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (3) the use is allowed by Rule 32(a)(2)-(8). Fed. R. Civ. P. 32(a)(1). Assuming Plaintiff testifies at trial, the only proper use of the deposition transcript would be for impeachment. Fed. R. Civ. P. 32(a)(2). Rule 32(a)8) allows use of a deposition from prior proceedings, so long as they involve the same subject matter and parties (or their privies).

**Ruling:** Plaintiff's motion in limine is denied, to renewal at trial. As stated above, Defendants may properly use Plaintiff's deposition transcript in this case and his prior case may be used for impeachment purposes. Thus, Defendants are precluded from using any deposition testimony at trial except for impeachment purposes unless the witness is unavailable pursuant to Rule 32(a)(4) or unless any other Rule 32(a) exception applies.

6. <u>Motion in Limine No. 6</u>

Plaintiff seeks to provide testimony regarding his medical condition and/or injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning any alleged physical injuries; or any alleged long term effects; any alleged mental or emotional injuries; the search of prison inmates, use of force, or prison operations. Plaintiff has no

training or expertise in any of these fields.

Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records. Plaintiff may call his medical providers-if they were properly disclosed and subpoenaed for trial.

**Ruling:** Plaintiff's motion is denied. Plaintiff may testify as to what he observed and experienced as a result of the incident on July 18, 2018; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records, medical conditions, alleged injuries, use of force, or prison operations.

### B.     Defendants' Motions in Limine

In their motions in limine, Defendants seeks to exclude: (1) evidence or testimony regarding Defendants' involvement in other lawsuits, claims, or alleged misconduct; (2) opinions or inference by Plaintiff as to the nature and extent of his alleged injuries; (3) evidence that the State may pay a judgment rendered against Defendants; and (4) evidence or testimony of offers to compromise. Defendants also seek to admit evidence of Plaintiff's and any inmate-witness's felony conviction, for which he/she is presently incarcerated, to attack character for truthfulness.

#### 1.     Motions in Limine No. 1

Defendants move to exclude evidence Plaintiff and any of his witnesses from introducing evidence or eliciting testimony about other allegations of misconduct purportedly made against Defendants, including but not limited to, other civil rights lawsuits, prison grievances (appeals) that have been filed against them, or other alleged incidents, pursuant to Federal Rules of Evidence 404(b)(1) and 403.

Federal Rule of Evidence 404(b) makes evidence of other wrongs or acts inadmissible to provide "the character of a person in order to show action in conformity therewith," but may be admissible for other purposes, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b); see also Fed. R. Evid. 405(b) (character evidence may be admissible if it is an essential element of the claim).

///

**Ruling:** Defendants' motion in limine is denied, without prejudice, to renewal during trial by way of appropriate objection. The Court cannot determine, at this juncture, whether such evidence may be relevant and admissible. Evidence of other litigation that is not relevant is not admissible. Without placement of such evidence in the proper context, the Court cannot make a broad ruling at this time.

2.   Motion in Limine No. 2

Defendants seek to exclude opinion or inference by Plaintiff as to the nature and extent of his alleged injuries.

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

As a non-expert witness, Plaintiff is not qualified to offer any expert opinions in this case concerning any alleged physical injuries; or any alleged long term effects; any alleged mental or emotional injuries; the search of prison inmates, use of force, or prison operations. Plaintiff has no training or expertise in any of these fields.

Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, but may not testify as to any medical matter which requires scientific, technical or other specialized knowledge. Plaintiff also may not testify regarding his medical records.

**Ruling:** Defendants' motion is granted. Plaintiff may testify as to what he observed and experienced as a result of the incident on July 18, 2018; however, Plaintiff may not testify regarding a diagnosis, opinions, inferences or causation, and may not offer any opinions or inferences from any medical records, medical conditions, alleged injuries, searching of inmates, use of force, or prison operations.

3.   Motion in Limine No. 3

Defendants seeks to exclude Plaintiff from presenting or eliciting testimony that Defendants will be indemnified by the State if judgment is rendered against them under Rule 411 of the Federal Rules of Evidence. Defendant submits this evidence is both irrelevant and prejudicial. Jamison v.

1   A.M. Byers Co., 330 F.2d 657, 661-662 (3d Cir. 1964).  The evidence is prejudicial because a jury
2   is more inclined to find a verdict against a defendant if it believes that he is indemnified than would
3   be the case if it were understood that the defendant alone would be required to satisfy the judgment.
4   Langley v. Turner's Express, Inc., 375 F.2d 296, 297 (4th Cir. 1967).

5   **Ruling:** Defendants' motion in limine is granted, as information regarding whether the State
6   or CDCR would pay a verdict or reimburse Defendants for any compensatory damage award, if
7   any, is not relevant to Plaintiff's claim.  Fed. R. Evid. 401.

8         4.      Motion in Limine No. 4

9   Defendants seek to exclude Plaintiff from offering or eliciting testimony or mentioning in
10  front of the jury any offers to compromise or statements made during settlement negotiations.

11  Defendants submit that the parties engaged in settlement discussions and exchanged
12  correspondence to that effect.  Defendants submit the only reason Plaintiff would have to mention
13  any settlement offer or negotiations is to argue that Defendants are liable because they expressed a
14  willingness to settle this case or Defendants are unreasonable because they refused to settle with
15  Plaintiff.

16  Federal Rule of Evidence 408 provides that evidence of offers to compromise and conduct
17  or statements made during settlement negotiations are inadmissible to prove liability or amount of
18  a claim, or to impeach a prior inconsistent statement.

19  **Ruling:** Defendants' motion in limine is granted to the extent Plaintiff may attempt to
20  present evidence or testimony of any offer by Defendants to settle the case or any statements made
21  by counsel regarding the merits and/or value of the case.  To the extent such evidence may be
22  admissible under the exceptions to Rule 408(b), the Court will allow such evidence subject to
23  objection by Defendants.

24        5.      Motion in Limine No. 5

25  Defendants seek to admit evidence of Plaintiff's criminal conviction, for which he is
26  presently incarcerated, to attack his character for truthfulness.

27  Federal Rule of Evidence 609(a)(1)(A) provides that evidence of a conviction for a crime
28  punishable for more than one year is admissible, subject to Rule 403, in a civil case to attack a

1 witness's character for truthfulness. Fed. R. Evid. 609(a)(1)(A). Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction. Fed. R. Evid. 609(b).

Defendants submit that Plaintiff is serving a life sentence, with the possibility of parole, for murder. He was also recently convicted of manufacture of a deadly weapon by a prison (California Penal Code § 4502, subd. (b)), which he was sentenced to serve consecutive to his life sentence.

Under Federal Rule of Evidence 609(a), evidence of a witness's prior conviction for a crime punishable by death or by imprisonment for over one year "must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant[.]" Evidence of such a conviction, however, is generally not admissible for impeachment purposes if more than ten years has elapsed since the date of the conviction or the release of the witness from confinement, whichever is later. Id. 609(b). Here, Rule 609(b)'s ten-year time limit is inapplicable because Plaintiff has been incarcerated since his murder conviction. See United States v. Rogers, 542 F.3d at 201 (noting that the ten-year clock under Rule 609(b) "starts at the witness's release from any physical confinement, or in the absence of confinement, the date of the conviction").

**Ruling:** Defendants' motion is granted. If Plaintiff testifies at trial, pursuant to Rule 609(a)(1)(A) of the Federal Rules of Evidence, Defendants are entitled to impeach Plaintiff's testimony. However, Defendants are limited to referencing only the fact that Plaintiff has suffered prior felony convictions and the length of his sentences. Defendants may elicit testimony about the length of Plaintiff's incarceration to contend that Plaintiff has no incentive to tell the truth. The jury is entitled to hear such evidence to determine Plaintiff's trustworthiness and veracity. Fed. R. Evid. 403, 609(b).

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The motions in limine hearing set for September 6, 2023, at 10:00 am. is VACATED;

2. Plaintiff's motions in limine numbers one, three and four are denied, and motions

in limine numbers two and five are denied, subject to renewal at trial; and

3. Defendants' motions in limine number one is denied, without prejudice, and motions in limine numbers two through five are granted.

IT IS SO ORDERED.

Dated: __August 29, 2023__

UNITED STATES MAGISTRATE JUDGE