UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>          Plaintiff,<br><br>     v.<br><br>REYNALDO JASSO, et al.,<br><br>          Defendants. | No.  1:21-cv-01401-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL, DENYING MOTION FOR WITNESS, AND OVERRULING OBJECTIONS<br><br>(ECF Nos. 88, 90) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently set for a status conference on October 3, 2023, at 10:00 a.m., to discuss the setting of a new jury trial date.  (ECF No. 86.)

On September 22, 2023, Plaintiff filed a motion to compel, motion to call witness at trial, and objections to the "non-hearing" ruling on the motions in limine.  (ECF Nos. 88, 89, 90.)

**I.**

**DISCUSSION**

**A.     Motion to Compel/Objections to Non-Hearing Ruling on Motions in Limine**

1.     <u>Motion to Compel</u>

In the motion to compel, Plaintiff contends that he never received a copy of Defendants' motions in limine, filed on August 9, 2023.  Plaintiff also contends that he never received a copy

1

of Defendants' opposition to his motions in limine, filed on August 22, 2023.  Plaintiff claims that he was to be given any materials the Defendants intend to present by way of their motions in limine.  (ECF No. 88.)   Plaintiff references that Defendants intent to offer several Rules Violation Reports.

Plaintiff is advised that Defendants were not required to provide him with any materials they intended to present by way of their motions in limine, and Defendant did not present any materials along with their motions in limine.  (ECF No. 71.)  Accordingly, Plaintiff's motion to compel Defendants to provide materials referenced in their motions in limine is denied.

2. <u>Objections to Non-Hearing on Motions in Limine</u>

By way of separate filing, Plaintiff objects to the Court's "non-hearing" on the motions in limine.  (ECF No. 90.)  Plaintiff submits that he was supposed to attend the motions in limine hearing on September 6, 2023.  However, Plaintiff argues the motions in limine were postponed to September 11, 2023, and although a writ of habeas corpus ad testificandum was issued for Plaintiff's appearance on September 11, 2023, he was not called to appear for the hearing.  (ECF No. 90.)  Plaintiff's objections are overruled.

On August 29, 2023, the Court vacated the September 6, 2023, motions in limine hearing and issued a ruling on the parties' motions in limine.  (ECF No. 80.)  Plaintiff submits that the Court's August 29, 2023 order only vacated the September 6, 2023, motions in limine hearing and the motions in limine were to be "revised" on September 11, 2023.  (ECF No. 90.)

Plaintiff is incorrect.  On August 29, 2023, the Court issued a final ruling on the parties' motions in limine and vacated the motions in limine hearing set for September 6, 2023.  (ECF No. 80.)  On September 5, 2023, the Court set a status hearing on September 11, 2023, to address the October 3, 2023, jury trial date, given the fact that Plaintiff was "out to court" and in the custody of the Los Angeles County Sheriff's Department.  (ECF Nos. 78, 79, 81, 82.)  On this same date, the Court issued a writ of habeas corpus ad testificandum for Plaintiff's appearance at the September 11, 2023, status hearing.  (ECF. 83.)  As stated in the Court's September 12, 2023, order, the Court held the September 11, 2023 hearing, but Plaintiff did not appear, even though Defendants represented to the Court that the writ of habeas corpus ad testificandum was served on

the Los Angeles County Jail on September 5 and September 7, 2023. At the September 11, 2023, the Court did not "revise" the motions in limine order or even discuss such filings and order. The sole issue discussed at the September 11, 2023, hearing was whether the October 3, 2023 should be vacated and potential dates to reschedule the trial. Accordingly, Plaintiff's objections are overruled.

### B.   Motion to Call Witness at Trial

Plaintiff seeks to subpoena inmate Keawon Solomon, Inmate No. 6657384, as a witness at the jury trial. Plaintiff submits inmate Solomon has agreed to testify voluntarily. Plaintiff's motion must be denied.

As an initial matter, Plaintiff's motion is untimely. On June 1, 2023, pursuant to the Court's trial scheduling order, Plaintiff filed a motion for attendance of incarcerated witnesses at trial. (ECF No. 63.) On July 6, 2023, the Court denied Plaintiff's motion, without prejudice, to re-filing on or July 27, 2023. (ECF No. 64.) Plaintiff contends that he did not receive the Court's July 6, 2023, order until a month or so later, i.e. August 6, 2023. However, Plaintiff did not re-file the instant motion until September 14, 2023-with application of the mailbox rule.[1] Accordingly, Plaintiff's motion for the attendance of incarcerated witness Solomon is untimely, particularly given that the Court issued the initial trial scheduling order on May 8, 2023. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir.1992) ("A scheduling order is not a frivolous piece of paper, idly entered ....") (internal quotation marks and citation omitted).

Furthermore, although Plaintiff submits that inmate Solomon has agreed to testify voluntarily, an inmate "cannot come to court unless the Court orders the warden or other custodial to permit the witness to be transported to court." (ECF No. 59 at 6:4-6.) Plaintiff was advised that he must file a motion for attendance of incarcerated witnesses, stating the name, address, and prison identification number of each such witness, accompanied by declarations by Plaintiff or the witnesses, showing that each witness has actual knowledge of relevant facts. (ECF No. 59 at 7.)

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the Court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

1  Plaintiff was also informed that the declaration must show that the prospective witness was an
2  eyewitness or ear-witness to relevant facts, and must be specific about the incident at issue in this
3  case, including when and where it occurred, who was present, and how the prospective witness
4  happened to be in a position to see or hear what occurred at the time it occurred. (Id. at 7-8)

5  While Plaintiff submits the attendance of inmate Solomon will be voluntarily, he does not
6  provide a declaration or sufficient factual information to determine whether this inmate was
7  actually an eye and ear-witness to the incident alleged to have occurred on July 18, 2018. Simply
8  stating that an individual was an eye and ear-witness is insufficient. As with Plaintiff's prior
9  motion, the current motion is not specific about any incident witnessed by inmate Solomon, when
10 and where it occurred, who was present, and how Solomon happened to be in a position to see or
11 to hear what occurred at the time it occurred.

12 Accordingly, Plaintiff's motion for the attendance of inmate witness Solomon must be
13 denied.

## II.

## CONCLUSION AND ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed September 22, 2023 (ECF No. 88) is denied;

2. Plaintiff's motion to call a witness to testify at trial (ECF No. 89) is denied; and

3. Plaintiff's objections to the written decision on the motions in limine (ECF No. 90) are overruled.

IT IS SO ORDERED.

Dated:  **September 26, 2023**

UNITED STATES MAGISTRATE JUDGE

4