UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>            Plaintiff,<br><br>       v.<br><br>REYNALDO JASSO, et al.,<br><br>            Defendants. | No. 1:21-cv-01401-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION REGARDING MOTION FOR ATTENDANCE OF INCARCERATED WITNESS SOLOMON<br><br>(ECF No. 99) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

This case is currently set for jury trial on January 23, 2023, before Magistrate Judge Stanley A. Boone.

Currently before the Court is Plaintiff's motion for reconsideration of the denial of his motion for attendance of incarcerated witness Solomon, filed October 25, 2023.

Defendants filed a statement of non-opposition to Plaintiff's motion for the attendance of incarcerated witness Solomon, but request that discovery be re-opened for the limited purpose deposition Solomon prior to trial, recognizing that if they are unable to depose Solomon such would not be cause to continue the trial date. (ECF No. 105.)

Federal Rule of Civil Procedure 60(b)(6) allows the court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to

1

prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir.2008) (quotations marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision, U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001) (internal quotation marks and citation omitted).

In determining whether to grant Plaintiff's motion for the attendance of his proposed witnesses, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, and (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. Wiggins v. County of Alameda, 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Based on Plaintiff's representation and Defendants' non-opposition, that inmate Keawon Solomon is "an eye and ear" witness to the incident in question, Plaintiff's motion shall be granted. In light of this ruling, the Court will re-open discovery for the limited purpose of

allowing Defendants to depose inmate Solomon if able to do so prior to trial.[1]  However, the January 23, 2023, jury trial date is firm and will not be continued under any circumstances related to deposing and/or transporting inmate Solomon to the trial.[2]

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration filed on October 25, 2023 (ECF No. 99), is granted; and

2. Plaintiff's motion for the attendance of incarcerated witness, Keawon Solomon, is granted;

3. Defendants may depose inmate Solomon, if available to do prior to the jury trial on January 23, 2023; and

4. The Court will issue any necessary writ of habeas corpus ad testificandum for the attendance of inmate Solomon in due course.

IT IS SO ORDERED.

Dated:  **November 15, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[1] In considering whether to grant a motion to amend the scheduling order and re-open discovery, the court is to consider: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997)).  Upon consideration of these factors, the Court finds good cause to allow Defendants to depose inmate Solomon, if available to do so, prior to trial in this matter.

[2] "Based upon publicly available information, defense counsel anticipates that Mr. Solomon will return to the custody of the California Department of Corrections and Rehabilitation (CDCR) before trial of this matter commences." (ECF No. 105 at 2.)