UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO JASSO, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01401-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SHACKLING OF PLAINTIFF DURING TRIAL<br><br>(ECF Nos. 75, 93) |

Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for shackling of Plaintiff during trial, filed August 16, 2023. (ECF No. 75.) Defendants filed a notice of supplemental evidence in support of their shackling motion on September 29, 2023. (ECF No. 93.) Plaintiff filed an opposition to Defendants' motion for shackling on November 1, 2023. (ECF No. 101.)

**I.**

**DISCUSSION**

The Supreme Court has recognized and addressed the potential risks prisoner place on courtroom security in Illinois v. Allen, 397 U.S. 337, 343 (1970), and stated, "[i]t is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country." In Clairborne v. Blauser, 934 F.3d 885, 895, 901 (9th Cir.

1

1  2019), the Ninth Circuit held that an inmate may only be visibly shackled during a civil

2  proceeding "when there is an 'individualized security determination' that 'take[s] account of the

3  circumstances of the particular case." There, a state prisoner moved for a new trial on the ground

4  that he was visibly shackled in violation of his due process right to a fair trial. Clairborne, 934

5  F.3d at 892. The Ninth Circuit ruled that the two-part analysis applicable in criminal cases before

6  an inmate may be visibly shackled for a jury trial applies to civil cases involving incarcerated

7  plaintiffs. Id. at 897-898. Therefore, the Court must be persuaded by compelling circumstances

8  that the measure is necessary to maintain security, and the Court must pursue less restrictive

9  alternatives before imposing physical restraints. Id. at 895. Compelling circumstances may

10 include a prisoner's status, propensity for violence, and history of unruly conduct. See Wilson v.

11 McCarthy, 770 F.2d 1482, 1485 (9th Cir. 1985). By itself, prisoner status may not warrant

12 shackling, but it may justify the court's concern for security. Id. "[S]hackling is proper where

13 there is a serious threat of escape or danger to those in and around the courtroom or where

14 disruption in the courtroom is likely in the absence of shackles." Id. (internal citation omitted).

15 While such measures carry prejudicial effect, the Court's calculus as to their exclusion must also

16 account for security concerns. Morgan v. Bunnell, 24 F.3d 49, 51 (9th Cir. 1994) ("The judge has

17 wide discretion to decide whether a defendant who has a propensity for violence poses a security

18 risk and warrants increased security measures.").

19    Defendants seek to have Plaintiff restrained during trial with leg irons and waist chains,

20 and secured to his chair because of his violent history. (ECF No. 75.)

21    Plaintiff opposes Defendants' motion and argues that his past violence was in 2019 with

22 no physical violent behavior. (ECF No. 101.)

23    This is a civil a case and the jury knows that in any Eighth Amendment case the plaintiff

24 is (or has been) an inmate. This obviates direct comparison from some of the case law that arises

25 from criminal proceedings. See, e.g., Duckett v. Godinez, 67 F.3d 734, 748 (9th Cir. 1995)

26 (holding that shackling during the sentencing hearing in the absence of a compelling need and

27 consideration of less restrictive alternatives constitutes constitutional error). However, the right to

28 a fair trial is fundamental in civil cases just as it is in criminal proceedings.

1     Plaintiff has a violent history.  He is currently serving a life sentence for second-degree murder, and received an enhancement for the personal use of a dangerous or deadly weapon. (Declaration of Cassandra J. Shryock (Shryock Decl.) ¶ 2.)  Further, in 2020, Plaintiff was convicted of manufacturing a deadly weapon while incarcerated.  (Id.)

    In addition, Plaintiff has no less than 20 disciplinary findings for assaultive or sex-related offenses.  (Id. ¶ 6.)  More specifically, Plaintiff was found guilty of possessing a deadly weapon twice in the past 14 months, the most recent time in June 2023.  (Id. ¶ 5, Ex. A.)  Plaintiff was also found guilty of two sex offenses in April and June 2023, and has been found guilty of indecent exposure on 11 other occasions.  (Id. ¶¶ 5, 6(f).)  Plaintiff has assaulted and threatened staff, and battered other inmates on multiple occasions.  (Id. ¶ 6(a)-(c), (g).)  Plaintiff has also used and possessed weapons while incarcerated (id. ¶ 6(b), (e); ECF No. 93 at Attach. 1), and fought with other inmates on at least 8 occasions (id. ¶ 6(d)).  Plaintiff's repeated, violent behavior has resulted in a Level IV status-the highest level within CDCR, reserved for its most dangerous and violent offenders.  (Id. ¶ 4.)  Indeed, Plaintiff's classification score is almost seven times the minimum score to qualify for Level IV status.  (Id. ¶¶ 4-5.)

    Based on Plaintiff's history of violence and his status as a Level IV inmate with a lengthy sentence, the Court finds that in this case, security and safety concerns compel the use of shackles at trial. However, so as to lessen any prejudice to Plaintiff, he should be restrained by use of leg irons attached to a cement bucket under the table and not visible to the jury. As long as Plaintiff's conduct is appropriate, his hands will not be shackled. In addition, the jury will not be present when Plaintiff enters the courtroom or when he takes the stand.  However, if Plaintiff's conduct warrants, the Court may order him to be further shackled and restrained.  Accordingly, Defendants' motion for use of restraints at trial shall be granted.

///
///
///
///
///

3

**II.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Defendants' motion for use of restraints at trial is GRANTED. However, Plaintiff's hands and arms shall not be restrained during the trial and the other restraints will not be observable by the trier of fact as the table at which defendant sits is curtained.

IT IS SO ORDERED.

Dated:   **November 15, 2023**

UNITED STATES MAGISTRATE JUDGE