UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAIAH J. PETILLO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REYNALDO JASSO, et al.,<br><br>　　　　　Defendants. | No. 1:21-cv-01401-SAB (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION TO GRANT CLAIM<br><br>AMENDMENT TO PRETRIAL ORDER<br><br>(ECF No. 108) |

　　　　Plaintiff Isaiah J. Petillo is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  This action is proceeding against

　　　　This case is currently set for jury trial on January 23, 2024, at 8:30 a.m. in Courtroom Nine.  (ECF No. 94.)

　　　　On November 27, 2023, Plaintiff filed a document entitled "Motion to Grant Plaintiff's Claims."  (ECF No. 108.)  Therein, Plaintiff raises several disagreements with the Court's prior orders and filings by Defendants in this case.  (Id.)  Plaintiff also claims that the Court failed to list three of his exhibits in the pretrial order.  (Id. at 1-3.)  Plaintiff also claims that he is entitled to judgment as a matter of law.  (Id. at 9-11.)  The Court interprets Plaintiff's filing as objections to the Court's August 11, 2023, pretrial order.[1]

---

[1] Although untimely, the Court will consider Plaintiff's objections given that he was out of court and in state custody

1

1    With regard to Plaintiff's claim that three of his exhibits were not listed in its pretrial

2 order, the Court has reviewed both Plaintiff's pretrial statement and the Court's pretrial order and

3 finds Plaintiff is correct.  In issuing the pretrial order, the Court inadvertently failed to list

4 Exhibits 50 to 52.  (See ECF Nos. 65, 73.)  Accordingly, the Court will amend the pretrial order

5 to reflect that Plaintiff has listed Exhibits 50 to 52 in his pretrial statement.  (ECF No. 65 at 23.)

6    With regard to Plaintiff's motion for judgment as a matter of law, it must be denied.

7 Plaintiff contends that he is entitled judgment as a matter of law because " 'Def. Jasso concedes'

8 to issue of unnecessary use-of-force … Def. Ochoa 'admits' no authority prison officials gave

9 him a direct order 'to counsel Plaintiff & that it was his own personal choice' to confront &

10 counsel me."  (ECF No. 108 at 10.)

11   Any party may move for summary judgment, and the court shall grant summary judgment

12 if the movant shows that there is no genuine dispute as to any material fact and the movant is

13 entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted);

14 Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

15 whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular

16 parts of materials in the record, including but not limited to depositions, documents, declarations,

17 or discovery; or (2) showing that the materials cited do not establish the presence or absence of a

18 genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.

19 Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The court may consider other materials in the

20 record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen

21 v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v.

22 Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

23   Defendants do not bear the burden of proof at trial and in moving for summary judgment,

24 he or she need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp.

25 Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323,

26 (1986)).  However, in judging the evidence at the summary judgment stage, the court may not

---

at or around the time that objections were due.  (ECF No. 73, 78.)

2

make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted). The court determines only whether there is a genuine issue for trial. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

As stated in the Court's January 24, 2023, Findings and Recommendations regarding the parties' cross-motions for summary judgment, it could not be determined, "as a matter of law, that the undisputed facts establish the extent of Plaintiff's injuries, the need for application of force, the amount of force actually used, the perceived threat, or any efforts made to temper the severity of the response. The determination of whether the use of force by Defendant Ochoa was either made in a good-faith effort to maintain or restore discipline, or that it was done maliciously and sadistically to cause harm is a question of fact to be resolved by a jury."[2] (ECF No. 47.) Plaintiff's mere disagreement with the Court's prior ruling on the motions for summary judgment is insufficient.

Lastly, to the extent Plaintiff wishes to object to certain exhibits presented by Defendants, he may be do so at the time of trial.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Court's August 11, 2023, pretrial order is **AMENDED** to reflect that Plaintiff's list of exhibits (ECF No. 73 at 9) includes the following:[3]

   50.   Def. Jasso Interrogatories

   51.   Def. Ochoa Interrogatories

---

[2] Neither party filed objections and the Findings and Recommendations were adopted in full by the District Judge on February 24, 2023.  (ECF No. 52.)

[3] For the sake of clarity, the Court's current order allowing Plaintiff to amend his exhibit list does not guarantee that he will be able to admit these exhibits at trial. Their admissibility may still be subject to objection by Defendants during trial. The exhibit list acts only as the pool from which the party hay seek to admit documents.

1.    52.    Deposition of Plaintiff excerpts; and

2.    Plaintiff's motion for judgment as a matter of law is DENIED.

IT IS SO ORDERED.

Dated:    **November 28, 2023**

_____
UNITED STATES MAGISTRATE JUDGE